#11994

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| DALE FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 03-328E |
| | ) | |
| MICHAEL HAJDUK, P. DAVID | ) | |
| KERNA AND SCHRECKENGOST | ) | |
| CONTRACTING, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF**
**IN PENNSYLVANIA**

AND NOW, comes the Defendants, Michael Hajduk and P. David Kerna, by and through their undersigned counsel, Paul J. Walsh III, Esquire, Marna K. Blackmer, Esquire, and Walsh, Collis & Blackmer, L.L.C., and present the within Motion to Compel the Independent Medical Examination of Plaintiff in Pennsylvania, and aver as follows:

1.      The above-captioned matter arises out of an incident occurring on October 14, 2001, in Oil City, Pennsylvania, wherein the Plaintiff claims to have fallen off of a deck sustaining various injuries.

2.      Plaintiff claims damages for pain, suffering and inconvenience for a  left olecranon fracture (elbow fracture), L1-2 and L5 fractures, contusion and hematoma of the liver, and facial and elbow lacerations, reimbursement for past and future medical expenses, loss of life's pleasures and permanent disfigurement.

3.      Plaintiff further provided in discovery responses that he may require future surgery with regard to his elbow.

4.      At deposition, Plaintiff advised that he is also making a claim for lost wages and loss of future earning capacity.

5.      Pursuant to F.R.C.P. 35(a), when the physical condition of a party is in controversy, the court in which the action is pending may order the party to submit to physical examination by a suitably licensed or certified examiner.

6.      Further, the order may only be made on motion for good cause shown and upon notice to the person to be examined and to all parties, and shall specify the time, place, manner, conditions and scope of the examination and the person by whom it is to be made.  See F.R.C.P. 35(a).

7.      In the current matter, Plaintiff has put his medical condition from the date of the incident through the indefinite future "in controversy".

8.      Furthermore, there is good cause for Plaintiff to undergo an Independent Medical Evaluation.

9.      First, Plaintiff has been slow in producing medical records, which is supported by the fact that this Defendant was required to file two (2) Motions to Compel and a Motion for Sanctions to get responses to discovery and medical records.

10.     Pursuant to Plaintiff's deposition testimony, Plaintiff is unable to identify some of the providers that he allegedly treated with in relation to injuries he claims to have sustained in this incident.

11.     Moreover, no medical records have been produced to date showing that Plaintiff may require future surgery as alleged by Plaintiff or showing that Plaintiff has ongoing disability causing him pain, additional medical expenses or the inability to perform work.

12.     As Plaintiff is claiming ongoing injury, possible future surgery and decreased earning capacity into the future as a result of his physical condition and

these Defendants are unable to properly assess the credibility of these claims absent examination of Plaintiff, these Defendants have good cause to examine his current physical condition.

13.    Counsel for Plaintiff was notified of Defendants' intent to have Plaintiff attend an Independent Medical Examination by an orthopedic doctor in correspondence dated November 23, 2004.

14.    Shortly following that time, Plaintiff was incarcerated in a South Carolina jail, where he remained for more than five (5) months, and was released on or about May 24, 2005, which has prevented Plaintiff from being evaluated.

15.    Plaintiff's counsel advised in correspondence dated June 22, 2005 that his client will appear for an Independent Medical Examination in South Carolina.

16.    However, Plaintiff filed the present lawsuit in Pennsylvania, the incident occurred in Pennsylvania and this case will be tried in Pennsylvania.

17.    Furthermore, Defendants already had Plaintiff's records examined by a doctor in Pennsylvania.  Defendants should not be required to expend addition expenses in retaining a new Independent Medical Examination Doctor in South Carolina and should not be expected to incur additional expenses associated with traveling to South Carolina to take the deposition of that doctor.

18.    Defendants request that this Honorable Court compel Plaintiff to attend an Independent Medical Examination by Charles Burke, III, M.D., of Burke & Bradley Orthopedics located at 200 Delafield Road, Suite 4010, Pittsburgh, PA 15215.

19.    Defendants request that the Independent Medical Examination be scheduled as soon as practicable following the outcome of this motion.

20.    Attached hereto and marked as Exhibit "A" is a copy of Defendant's Discovery Dispute Certificate.

WHEREFORE, these Defendants, Michael Hajduk and P. David Kerna, respectfully request that this Honorable Court enter an Order compelling Plaintiff to attend an Independent Medical Examination in Pennsylvania.

Respectfully submitted,

WALSH COLLIS & BLACKMER, LLC

By_____
        Paul J. Walsh III, Esquire
        PA I.D. #58843
        Marna K. Blackmer, Esquire
        PA I.D. #79528
        Counsel for Defendants, Michael
        Hajduk and P. David Kerna
        Walsh Collis & Blackmer
        707 Grant Street
        Gulf Tower, Suite 1400
        Pittsburgh, PA 15219

#11994

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### CIVIL DIVISION

DALE FOSTER,                          )
                                      )
       Plaintiff,            )
    v.                         )          C. A. No. 03-328E
                                      )
MICHAEL HAJDUK, P. DAVID              )
KERNA AND SCHRECKENGOST               )
CONTRACTING,                          )
                                      )
       Defendants.           )

## <u>ORDER OF COURT</u>

AND NOW, to-wit, this _____ day of _____, 2005, it is hereby

ORDERED, ADJUDGED and DECREED that Plaintiff, Dale Foster, is compelled to submit

to an Independent Medical Examination in Pennsylvania with Charles Burke, III, M.D.

within forty-five (45) days of the date of this Order.

BY THE COURT:


_____, J.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within **Motion to Compel the Independent Medical Examination of Plaintiff in Pennsylvania** was served upon the following counsel of record by mailing the same via first class mail, postage pre-paid, this _____ day of July, 2005.

Carl Schiffman, Esquire
Schiffman & Wojdowski
1300 Fifth Avenue
Pittsburgh, PA 15219-6270
*(Counsel for Plaintiff)*

Richard Canciello, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
*(Counsel for Defendant, Schreckengost Construction)*

WALSH COLLIS & BLACKMER, LLC

By_____
          Paul J. Walsh III, Esquire
          PA I.D. #58843
          Marna K. Blackmer, Esquire
          PA I.D. #79528
          Counsel for Defendants, Michael
          Hajduk and P. David Kerna
          Walsh Collis & Blackmer
          707 Grant Street
          Gulf Tower, Suite 1400
          Pittsburgh, PA 15219