IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE FOSTER, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL HAJDUK, P. DAVID KERNA, and SCHRECKENGOST CONTRACTING, <br><br> Defendants. | Case No. 03-328E <br><br> ***ELECTRONICALLY FILED*** |

## MOTION TO COMPEL PLAINTIFF TO RESPOND TO DEFENDANT SCHRECKENGOST CONTRACTING'S SECOND SET OF EXPERT DISCOVERY

AND NOW, comes the Defendant, SCHRECKENGOST CONTRACTING, by and through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., and files and serves the following Motion to Compel Plaintiff to Respond to Defendant Schreckengost Contracting's Second Set of Expert Discovery.

1. On May 13, 2005, Defendant Schreckengost Contracting served a Second Set of Expert Discovery upon Plaintiff, where that Second Set contained only one request. (See Exhibit "A," attached hereto and incorporated herein by reference).

2. By correspondence dated June 23, 2005, this Defendant inquired of Plaintiff as to when responses to the Second Set of Expert Discovery would be forthcoming. That June 23, 2005 correspondence was this Defendant's first attempt to confer and consult

P0743800.1

pursuant to Fed. R.C.P. 37. (See Exhibit "B," attached hereto and incorporated herein by reference).

3. By correspondence dated June 29, 2005, Plaintiff advised that he would not respond to this Second Set of Expert Discovery on the basis that it was served beyond the April 5, 2005 discovery deadline. (See Exhibit "C," attached hereto and incorporated herein by reference).

4. By correspondence dated July 1, 2005, Defendant Schreckengost Contracting responded in detail to Plaintiff's correspondence of June 29, 2005. This correspondence of July 1, 2005 was this Defendant's second attempt to confer and consult pursuant to Fed. R.C.P. 37. (See Exhibit "D," attached hereto and incorporated herein by reference).

5. While the Second Set of Discovery was served beyond the April 5 discovery deadline, this fact is irrelevant for the following reasons:

6. In the First Set of Discovery requests of November 24, 2004, a specific request was made for legible copies of exhibits used by Plaintiff's expert in support of the opinions set forth in his report. Obviously, a correspondence between Plaintiff's counsel and his expert played a role in him forming his opinions. This information is perfectly discoverable and is not subject to any privilege.

7. Second, it was served only after it took more than four months and a Court Order for Plaintiff to respond to this Defendant's First Set of Expert Discovery. More specifically, this Defendant served a Request for a Disclosure of Expert Testimony and Expert Interrogatories, upon Plaintiff, on November 24, 2004. Ultimately, this Honorable Court entered an Order of March 11, 2005, providing Plaintiff until March 31, 2005 within

P0743800.1

which to respond to this discovery of November 24, 2004. The responses to this First Set of Discovery, as dated March 31, 2005, were received on Friday, April 1, 2005.

    8.    Based on the above, Plaintiff seems to suggest one of two things:

        a.    First, that the review of his tardy responses to the First Set of Expert Discovery should have been completed in time for a second discovery request before Tuesday, April 5, 2005, or,

        b.    Alternatively, that a Second Set of Expert Discovery should have been served before having received responses to the First Set of Expert Discovery.

    9.    Given that Defendants are raising a liability defense to Plaintiff's claim, they would be severely prejudiced if Plaintiff is not compelled to respond to the Second Set of Discovery, which is nothing more than what should have been responded to properly in the First Set of Discovery.

WHEREFORE, Defendant Schreckengost Contracting respectfully requests that this Honorable Court enter the attached Order.

                                      Respectfully submitted,

                                      MEYER, DARRAGH, BUCKLER,
                                      BEBENEK & ECK, P.L.L.C.

Date: July 12, 2005              s/ Richard S. Canciello
                                      RICHARD S. CANCIELLO, ESQUIRE
                                      PA I.D. No. 73174
                                      rcanciello@mdbbe.com

                                      U.S. Steel Tower, Suite 4850
                                      600 Grant Street
                                      Pittsburgh, PA  15219
                                      (412) 261-6600 (Office)
                                      (412) 471-2754 (Fax)

                                      Attorneys for Defendant,
                                      Schreckengost Contracting

## PROOF OF SERVICE

I hereby certify that I am serving the foregoing document upon the persons and in the manner listed below:

<u>Service by electronic mail as follows:</u>

Carl R. Schiffman, Esquire
Schiffman, Wojdowski & Chiurazzi
1300 Fifth Avenue
Pittsburgh, PA  15219-6270
**(Counsel for Plaintiff)**

Natalie A. Troilo, Esquire
Marna K. Blackmer, Esquire
Walsh, Collis & Blackmer, LLC
707 Grant Street
Gulf Tower 1400
Pittsburgh, PA  15219
**(Counsel for Defendants, Michael Hajduk and P. David Kerna)**

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: July 12, 2005            s/ Richard S. Canciello
                               RICHARD S. CANCIELLO, ESQUIRE